UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JOSEPH LOPEZ, JOSHUA SARRIS,
CODY DANTE, and SHANE PECK,

                  Plaintiffs,

    v.

BOOZ ALLEN HAMILTON, INC.,
and DOES 1 through 20,
inclusive,

                Defendants.

No.  2:20-cv-01310-JAM-JDP

**ORDER GRANTING DEFENDANT'S
MOTION TO DISMISS**

This matter is before the Court on Booz Allen Hamilton's ("Defendant") Motion to Dismiss for failure to plead allegations of fraud with specificity and for failure to state a claim upon which relief can be granted.  Mot., ECF No. 6.  Joseph Lopez, Joshua Sarris, Cody Dante, and Shane Peck ("Plaintiffs") filed an opposition to Defendant's motion.  Opp'n, ECF No. 8. Defendant replied.  Def.'s Reply, ECF No. 9.  After consideration of the parties' briefing on the motion and relevant legal authority, the Court GRANTS Defendant's Motion to Dismiss.[1]

---

[1] This motion was determined to be suitable for decision without oral argument.  E.D. Cal. L.R. 230(g).  The hearing was scheduled for October 27, 2020.

1                       I.   BACKGROUND

2     In 2018, Defendant Booz Allen Hamilton ("BAH") entered into

3 a contract with the U.S. Department of the Air Force ("DAF") to

4 provide IT services at the Beale Air Force base in Yuba County,

5 California.  See Compl. ¶¶ 6-8, ECF No. 1.  The contract

6 ("Mission Planning Cell") required Defendant to recruit IT

7 professionals to assist the DAF with processing and analysis of

8 reconnaissance information from the DAF's 99th Squadron.  Compl.

9 ¶ 7.  The IT work was to be performed on-site at the Beale Air

10 Force base.  Id.

11     Plaintiffs are four IT professionals who were recruited to

12 work on Mission Planning Cell by either Defendant or one of the

13 IT employment agencies Defendant used for the contract.  Compl.

14 ¶¶ 8,11.  Plaintiffs all resigned from their prior jobs and

15 relocated for the job at Beale.  Compl. ¶¶ 14, 20.

16 Specifically, in November 2018, Joshua Sarris relocated from

17 Santa Clara, California, where he was doing IT work for a

18 medical provider.  Compl. ¶ 21.  Joseph Lopez left a job in

19 Sacramento, California with another defense contractor.  Compl.

20 ¶ 22.  Cody Dante relocated from Hawaii and took a large pay cut

21 from his prior job.  Compl. ¶ 23.  Finally, Shane Peck relocated

22 in September 2018 from Colorado Springs, Colorado, where he was

23 doing IT work in cybersecurity.  Compl. ¶ 24.

24     Based on Defendant's representations, Plaintiffs expected

25 they would be doing "very technical IT work with other senior IT

26 engineers."  Compl. ¶¶ 14-16.  However, "as soon as the

27 plaintiffs reported to Beale and began work, they learned the

28 positions were not as advertised."  Compl. ¶ 17.  The complaint

paints a vivid picture of what the job was actually like day-to-
day, ranging from coworkers' pranks like hiding Mr. Saris's golf
clubs around the building to a "Cybersecurity Lead" who freely
admitted to knowing nothing about computers.  See Compl.
¶ 17(a)-(ii).  Each of the Plaintiffs complained to their BAH
supervisors.  Compl. ¶ 27.  Mr. Saris, Mr. Lopez, and Mr. Dante
were constructively terminated in April 2019.  Compl. ¶¶ 21-23.
Mr. Peck was fired in June 2019.  Compl. ¶ 24.

On June 30, 2020, Plaintiffs filed this lawsuit against
Defendant seeking monetary relief.  See Compl.  Plaintiffs bring
the following claims against Defendant: (1) pre-employment
fraud, (2) violation of California Labor Code Section 970, and
(3) termination in violation of public policy.  Compl. ¶¶ 28-43.
Mr. Sarris brings an additional claim for rescission of
contract.  Id. at ¶¶ 44-49.  Defendant has moved to dismiss the
first claim for pre-employment fraud, the second claim for
violation of Labor Code Section 970 and exemplary damages for
that claim, and the fourth claim for rescission.  See Mot. at 1.

## II.   OPINION

### A.   Judicial Notice

Rule 201 of the Federal Rules of Evidence allows a court to
take judicial notice of an adjudicative fact that is "not
subject to reasonable dispute," because it (1) "is generally
known within the trial court's territorial jurisdiction"; or
(2) "can be accurately and readily determined from sources whose
accuracy cannot reasonably be questioned."  Fed. R. Evid.
201(a)-(b).  A court may take judicial notice of matters of

1  public record.  <u>United States ex rel. Lee v. Corinthian</u>

2  <u>Colleges</u>, 655 F.3d 984, 999 (9th Cir. 2011).  Matters of public

3  record include "government documents available from reliable

4  sources on the internet."  <u>Cal. River Watch v. City of</u>

5  <u>Vacaville</u>, No. 2:17-cv-00524-KJM-KJN, 2017 WL 3840265, at *2 n.1

6  (E.D. Cal. Sept. 1, 2017).

7         Defendant requests the Court take judicial notice of two

8  exhibits.  <u>See</u> Def.'s Req. for Jud. Notice ("RJN") ECF No. 6-3.

9  The two exhibits are: (1) the California Judicial Council's April

10  6, 2020, Emergency Rules Related to COVID-19, and (2) the

11  California Judicial Council's May 29, 2020, Order.  <u>Id.</u>

12  Plaintiffs do not oppose Defendant's request.  The Court finds

13  the two exhibits to be matters of public record, and, therefore,

14  proper subjects of judicial notice.

15         Accordingly, the Court GRANTS Defendant's Request for

16  Judicial Notice.  In doing so, the Court judicially notices "the

17  contents of the documents, not the truth of those contents."

18  <u>Gish v. Newsom</u>, No. EDCV 20-755-JGB(KKx), at *2 (C.D. Cal. April

19  23, 2020).

20         B.   <u>Legal Standard</u>

21         A Rule 12(b)(6) motion attacks the complaint as not

22  alleging sufficient facts to state a claim for relief.  Fed. R.

23  Civ. Proc. 12(b)(6).  "To survive a motion to dismiss [under

24  12(b)(6)], a complaint must contain sufficient factual matter,

25  accepted as true, to state a claim to relief that is plausible

26  on its face."  <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009)

27  ///

28  ///

(internal quotation marks and citation omitted).[2]  While
"detailed factual allegations" are unnecessary, the complaint
must allege more than "[t]hreadbare recitals of the elements of
a cause of action, supported by mere conclusory statements."
Id.

Moreover, fraud-based claims are subject to the heightened
pleading standard of Rule 9(b).  Fed. R. Civ. Proc. 9(b).  Rule
9(b) requires a party to "state with particularity the
circumstances constituting fraud or mistake."  Id.  The "who,
what, when, where and how of the misconduct charged" must be
stated with particularity.  Ebeid ex rel. U.S. v. Lungwitz, 616
F.3d 993, 998 (9th Cir. 2010) (internal quotation marks and
citation omitted).[3]  When a party averring fraud fails to meet
the heightened pleading standard of Rule 9(b), dismissal of the
claim is proper.  Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097,
1107 (9th Cir. 2003) ("A motion to dismiss a complaint or claim
'grounded in fraud' under Rule 9(b) for failure to plead with
particularity is the functional equivalent of a motion to
dismiss under Rule 12(b)(6) for failure to state a claim.").
///

---

[2] Plaintiffs cite to Conley v. Gibson, 335 U.S. 41 (1957) as
providing the relevant legal standard for a 12(b)(6) motion.
Opp'n at 5.  However, Conley was overruled and replaced by the
plausibility standard set forth in Bell Atlantic Corp. v.
Twombly, 550 U.S. 544 (2007).  See also Ashcroft, 556 U.S. at
679(2009).
[3] Plaintiffs again cite to inapposite authority.  See Opp'n at 8-
11 (citing Stansfield v. Starkey, 220 Cal. App. 3rd 59 (1990),
Lazar v. Superior Court, 12 Cal. App. 4th 631 (1996), and Lenk v.
Total Western Inc., 89 Cal. App. 4th 959 (2001)).  The cases
cited by Plaintiff are not federal Rule 9(b) pleading cases and
do not provide the relevant standard.

1

C.    Analysis

2

1.    Rule 9(b)

3    The parties agree that Plaintiffs' first, second, and

4 fourth claims are based on predicate allegations of fraud and

5 therefore must satisfy the heightened pleading standard of Rule

6 9(b).  See Opp'n at 8; Def.'s Reply at 1.  However, the parties

7 disagree about whether the complaint provides the requisite

8 "who, what, when, where, and how."  Ebeid, 616 F.3d at 998.

9 Plaintiffs insist their complaint provides the specifics of the

10 fraud.  See Opp'n at 8-11.  Defendant contends Plaintiffs have

11 not set out facts sufficient to satisfy the 9(b) standard, and

12 asks the Court to dismiss Plaintiffs' fraud-based claims.  See

13 Def.'s Reply at 2-5.  As explained below, the Court agrees with

14 Defendant that the complaint fails to satisfy Rule 9(b).

15    While the complaint provides significant detail about

16 Plaintiffs' employment at Beale, it does not clearly set forth

17 the pre-employment representations Defendant made to Plaintiffs.

18 To be sure, the complaint is not completely devoid of

19 allegations regarding Defendant's pre-employment

20 representations; Plaintiffs have set forth general allegations

21 about "misrepresentations made in late 2018 by BAH in its job

22 advertisements and the BAH recruiters for the job."  Opp'n at

23 11.  However, these general allegations are incomplete in that

24 they fail to provide all the necessary "who, what, when, where,

25 and how" details.  For example, the complaint states: "Joseph

26 Lopez specifically asked before taking this job on the BAH

27 contract if night or weekend work would be required. He was

28 assured it would not be, but on his first day at work this

proved to be untrue. The set hours of 9-5 were a reason he took this position." Compl. ¶ 17(gg). Who assured Mr. Lopez the hours would be 9-5? When and where was this assurance made? How was the assurance knowingly false when made? Without providing the "who," "when," "where," and "how," Plaintiffs do not satisfy Rule 9(b).

The examples Plaintiffs highlight in their opposition brief are likewise incomplete. For instance, Plaintiffs point to eight pre-employment misrepresentations arising from a job advertisement set forth in Paragraph 12 of the complaint. Opp'n at 8-9. Yet, the complaint does not indicate which of the four Plaintiffs received this job advertisement, or when, where, or by what means each received the advertisement. Id. Lacking these specific allegations, the complaint fails to provide Defendant with sufficient detail to be put on notice "of the particular misconduct which is alleged to constitute the fraud charge so that [he] can defend against the charge and not just deny that [he has] done anything wrong." United States ex rel. Swoben v. United Healthcare Ins. Co., 848 F.3d 1161, 1180 (9th Cir. 2016) (internal quotation marks and citation omitted).

Because Plaintiffs have not clearly and specifically set forth what representations Defendant made to them as required under Rule 9(b), their first, second, and fourth causes of action based on fraud are DISMISSED.

2.   Section 970 Claim

Defendant additionally requests the Court dismiss Plaintiffs' Section 970 claim with prejudice because Plaintiffs failed to file suit within the applicable one-year statute of

1   limitations.  Mot. at 9.  The parties dispute the applicable

2   statute of limitations period for a Section 970 claim: Defendant

3   contends the limitations period is one-year and begins to run

4   when the plaintiff discovers or has reason to discover the

5   fraud, see Mot. at 9-14, while Plaintiffs argue the one-year

6   clock begins to run upon plaintiff's termination, see Opp'n at

7   12-13.

8        On November 4, 2020, the Ninth Circuit issued a memorandum

9   in Keenan v. Cox Communications California, LLC, 2020 WL 6482390

10  (9th Cir. 2020), resolving the dispute in favor of Defendant's

11  position.  This memorandum clarified: 1) a section 970 claim is

12  subject to a one-year statute of limitations period, and 2) the

13  claim "accrues when the plaintiff discovers, or has reason to

14  discover, the cause of action."  Id. at *1.  The panel reasoned

15  that because a Section 970 claim is subject to mandatory double

16  damages, the California Supreme Court would likely find it

17  imposes a penalty, and thus apply California's one-year

18  limitations period for actions involving a penalty under Cal.

19  Code Civ. Pro. Section 340(a).  Id.  The panel further explained:

20  "when a plaintiff reasonably should have discovered facts for

21  purposes of the accrual of a cause of action or application of

22  the delayed discovery rule is  generally a question of fact,

23  properly decided as a matter of law only if the evidence . . .

24  can support only one reasonable conclusion."  Id. (omitting

25  internal quotes).  Thus, Keenan supports Defendant's position

26  that the discovery of the fraud sets the anchor date for when the

27  one-year limitations period begins to run.

28       Pointing out Keenan is unpublished and therefore not binding

8

on this Court, Plaintiffs ask the Court to find the one-year

clock begins to run at termination not discovery of the fraud.

See Pls.' Supplemental Br., ECF No. 14.  In support of their

position, Plaintiffs rely on Aguilera v. Pirelli Armstrong Tire

Corp, 223 F.3d 1010 (9th Cir. 2000).  In Aguilera, plaintiff-

employees alleged the defendant-employer fraudulently promised

them permanent employment.  223 F.3d at 1013.  Significantly,

because the Aguilera plaintiffs could not have discovered that

defendant's representations about the permanency of their

employment were fraudulent until they were actually terminated,

the date of discovery of the fraud and the date of termination

were the same in that case.  Thus, Aguilera itself can be read as

a discovery rule case, consistent with Keenan.  Def.'s

Supplemental Br., ECF No. 15 at 2.

     Finding Keenan persuasive, this Court adopts its conclusion

that the applicable limitations period for a Section 970 claim is

one-year and begins to accrue when the plaintiff discovers or has

reason to discover the fraud.  2020 WL 6482390 at *1.

     Applying Keenan here, the Court finds Plaintiffs' Section

970 claim is time-barred.  The complaint alleges "as soon as the

plaintiffs reported to Beale and began work, they learned the

positions were not as advertised."  Compl. ¶ 17.  Thus,

Plaintiffs admit to discovering the fraud, or at least reason to

suspect the fraud, as soon as they started working.  The

complaint further states each Plaintiff "resigned their prior

positions and went to work at Beale… in late 2018." Compl. ¶ 31.

Taking these allegations as true and drawing inferences in

Plaintiffs' favor, the Court finds that "late 2018" could mean

1   Plaintiffs' work at Beale began as late as December 31, 2018.

2   Given Plaintiffs discovered the "positions were not as

3   advertised" "as soon as they reported to Beale," it follows the

4   one-year clock began to run by December 31, 2018.  In fact, for

5   Mr. Sarris and Mr. Peck's claims, the clock started running

6   before then: Mr. Sarris started working in November 2018 and Mr.

7   Peck started in October 2018.  Compl. ¶¶ 21, 24.

8        The face of the complaint therefore supports only one

9   conclusion: the one-year limitations period for all Plaintiffs

10  ran by the end of 2019.  Yet, Plaintiffs did not file this

11  lawsuit until June 30, 2020.  See Compl.  Thus, Plaintiffs'

12  Section 970 claim is time-barred.

13       The California Judicial Council's emergency COVID-19 tolling

14  orders do not change this analysis.  See California Judicial

15  Council's April 6, 2020, Order and May 29, 2020, Order, Ex. A and

16  Ex. B to Def.'s RJN.  These orders provide only for tolling "from

17  April 6, 2020" forward, and do not revive claims that had already

18  expired prior to April 6, 2020, as Plaintiffs' Section 970 claim

19  had here.  See Mot. at 13; Ex. A and B. to Def.'s RJN.

20       In sum, the Court finds Plaintiffs' Section 970 claim time-

21  barred on the face of the complaint.  Further, in opposition,

22  Plaintiffs made purely legal arguments and did not proffer any

23  facts that might lead the Court to believe Plaintiffs could add

24  allegations to avoid dismissal on statute of limitation grounds.

25  Accordingly, the Court finds amendment would be futile and

26  DISMISSES this claim with prejudice.

27  ///

28  ///

1     D.    Leave to Amend

2          Plaintiffs have requested leave to amend.  Opp'n at 14.

3     Because Plaintiffs have not had the opportunity to amend their

4     complaint and the Court finds that amendment would not be futile

5     with respect to the first and fourth causes of action, the Court

6     grants leave for those claims.  See Deveraturda v. Globe Aviation

7     Sec. Servs., 454 F.3d 1043, 1049 (9th Cir. 2006).  However, leave

8     to amend is denied as to Plaintiffs' Section 970 claim, because

9     as explained above, the Court finds amendment would be futile.

10

11                        III.   ORDER

12         For the reasons set forth above, the Court GRANTS

13    Defendant's Motion to Dismiss.  Plaintiffs' Section 970 claim is

14    DISMISSED WITH PREJUDICE. Plaintiffs shall file their Amended

15    Complaint within twenty days of the date of this Order.

16    Defendant's responsive pleading is due within twenty days

17    thereafter.

18         IT IS SO ORDERED.

19    Dated: December 14, 2020

20

21                                   _____
                                     JOHN A. MENDEZ,
22                                   UNITED STATES DISTRICT JUDGE

23

24

25

26

27

28

                                11