UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH LOPEZ, JOSHUA SARRIS, CODY DANTE, and SHANE PECK,<br><br>  Plaintiffs,<br><br>   v.<br><br>BOOZ ALLEN HAMILTON, INC., and DOES 1 through 20, inclusive,<br><br>  Defendant. | No.  2:20-cv-01310-JAM-JDP<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS** |

Joseph Lopez, Joshua Sarris, Cody Dante, and Shane Peck ("Plaintiffs") bring this action against Booz Allen Hamilton ("Defendant" or "BAH") for pre-employment fraud, termination in violation of public policy, and rescission of contract. First Amended Complaint ("FAC"), ECF No. 17. Defendant moves to dismiss Plaintiffs' first claim for pre-employment fraud and Plaintiff Sarris's third claim for rescission. Mot., ECF No. 18. For the reasons set forth below, the Court DENIES Defendant's Motion to Dismiss.[1]

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g).  The hearing was scheduled for March 9, 2021.

1

I.   BACKGROUND

A recitation of the primary factual allegations in this case can be found in a prior order issued by this Court and will not be repeated here. MTD Order, ECF No. 16, at 2-3; Lopez et al. v. Booz Allen Hamilton, Inc., No. 2:20-CV-01310-JAM-JDP, 2020 WL 7342396, at *1 (E.D. Cal. Dec. 14, 2020) (granting Defendant's motion to dismiss). In that order, and as relevant to this motion, this Court dismissed Plaintiff's claims for pre-employment fraud and rescission of contract with leave to amend. MTD Order at 11.

On December 31, 2020, Plaintiffs filed an amended complaint. See FAC. Defendants once again move to dismiss the first and third claims, arguing that Plaintiffs have failed to plead allegations of fraud with the specificity required under Rule 9(b). Mot. at 1. Plaintiffs filed an opposition, Opp'n, ECF No. 19, to which Defendant replied, Reply, ECF No. 20.

II.   OPINION

A.   Legal Standard

Fraud-based claims are subject to the heightened pleading standard of Rule 9(b). Fed. R. Civ. Proc. 9(b). Rule 9(b) requires a party to "state with particularity the circumstances constituting fraud or mistake." Id. The "who, what, when, where and how of the misconduct charged" must be stated with particularity. Ebeid ex rel. U.S. v. Lungwitz, 616 F.3d 993, 998 (9th Cir. 2010) (internal quotation marks and citation omitted). In addition, the pleading must identify "what is false or misleading about the purportedly fraudulent statement, and why it is false." California ex rel. Heryford v. Alliance

2

1  Data Systems Corporation, No. 2:15-cv-02343-TLN, 2018 WL 3197856
2  at *4 (E.D. Cal. June 26, 2018) (internal quotation marks and
3  citation omitted); see also Yourish v. California Amplifier, 191
4  F.3d 983, 993 (9th Cir. 1999).  When a party averring fraud
5  fails to meet the heightened pleading standard of Rule 9(b),
6  dismissal of the claim is proper.  Vess v. Ciba-Geigy Corp. USA,
7  317 F.3d 1097, 1107 (9th Cir. 2003).
8       B.   Analysis
9       As the Court discussed in its prior Order, Plaintiffs' pre-
10 employment fraud and rescission claims are based on predicate
11 allegations of fraud – namely that BAH fraudulently
12 misrepresented the nature of the positions to which Plaintiffs
13 applied - and therefore must satisfy the heightened pleading
14 standard of Rule 9(b).  See MTD Order at 6.  Defendant argues
15 that the amended complaint still fails to provide the requisite
16 "who, what, when, where, and how" of the alleged fraud and how
17 the statements were knowingly false when made.  Mot. at 10-13;
18 Reply at 2-3.  In particular, Defendants highlight a core
19 failing of the amended complaint as follows: "Plaintiffs have
20 not identified any facts to show that the speakers knew the
21 statements to be false when made. The absence of this critical
22 allegation of knowledge of falsity alone warrants dismissal of
23 their fraud based claims."  Mot. at 12.  That is, Plaintiffs
24 still have not, according to BAH, set forth an explanation as to
25 how BAH's representations were knowingly false when made.  The
26 Court disagrees.
27      As Defendant acknowledges in its Motion, one way plaintiffs
28 can demonstrate the false or misleading character of a statement

3

1  is "by identifying inconsistent contemporaneous information that
2  was available to the defendants."  Mot. at 9 (citing to Yourish,
3  191 F.3d at 994).  Here, Plaintiffs added an allegation to their
4  amended complaint that "BAH managers were on site prior to July
5  2018."  FAC ¶ 7.  Taking this fact as true and drawing
6  inferences in Plaintiffs' favor as it must, the Court properly
7  infers that because BAH had managers on site, BAH knew the
8  conditions at Beale were not as they were being represented to
9  Plaintiffs.  Because this allegation sufficiently identifies
10 inconsistent contemporaneous information available to BAH at the
11 time they were recruiting Plaintiffs for the Beale project, the
12 "knowingly false when made" requirement has been met.
13      The Court finds that at least one theory of fraud survives
14 the present Motion: that BAH misrepresented to Plaintiffs, four
15 IT professionals who resigned from prior jobs and relocated for
16 the Beale project, that there would be networks to manage, Linux
17 systems, and advanced technical work for them.  FAC ¶¶ 16(e),
18 16(i), 16(ii).  As to this theory, Defendant argues that
19 Plaintiffs have failed to plead any false promise,
20 representation, or omission about the nature of the work with
21 particularity. Reply at 4-5.  Not so.  Each Plaintiff has added
22 specific allegations regarding the representations made to them
23 about the nature of the work, particularly the existing networks
24 and advanced technical work.  See FAC.  Lopez alleges that
25 during his interview, "the need for a senior person due to the
26 technical work" was "stressed."  FAC at 6.  Saris alleges Mr.
27 Yurasek, one of BAH's principal recruiters, told him "it was
28 high level work," "that he would be administering networks," and

"that he would be working on high speed projects." FAC at 7. Dante alleges Danielle Blum, another recruiter, "emphasized how advanced and senior the position was" and that "the networks he would administer would be advanced and secure." FAC at 8. Finally, Peck alleges that Mr. Yurasek told him he would be doing "network administration, network building, network management, and support to keep multiple systems operating." Id. Accordingly, the Court finds this theory of fraud sufficiently complies with the pleading standard of Rule 9(b) and Plaintiffs' first and third claims survive.

III. ORDER

For the reasons set forth above, the Court DENIES Defendant's Motion to Dismiss.

IT IS SO ORDERED.

Dated: April 6, 2021

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE